## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MACKIE V. BLANKENSHIP,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0296**  (BOR Appeal No. 2050813)
(Claim No. 800098922)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HARDEN TRUCKING COMPANY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Mackie V. Blankenship, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 8, 2016, in which the Board affirmed an August 28, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 6, 2015, decision denying Mr. Blankenship's request to reopen his claim for further consideration of a permanent partial disability award as untimely filed. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On July 16, 1991, Mr. Blankenship completed a Report of Occupational Pneumoconiosis in which he alleged that he developed occupational pneumoconiosis as a result of exposure to occupational dust hazards. He indicated that his date of last exposure to the hazards of occupational pneumoconiosis was November 9, 1979. Subsequently, Mr. Blankenship was granted a 10% permanent partial disability award for occupational pneumoconiosis. On October 16, 2001, he was granted an additional 5% permanent partial disability award for occupational pneumoconiosis by the Office of Judges pursuant to the Occupational Pneumoconiosis Board's determination that Mr. Blankenship sustained a total of 15% whole person impairment as a result of occupational pneumoconiosis. On November 13, 2014, Mr. Blankenship filed a request to reopen his claim for further consideration of permanent partial disability benefits. In support of his request, Mr. Blankenship submitted a May 30, 2014, chest x-ray diagnostic report listing a diagnosis of pneumoconiosis, along with correspondence in which he alleges that his treating physician has informed him that his pulmonary function is decreasing.

On January 6, 2015, the claims administrator denied Mr. Blankenship's request to reopen his claim as untimely filed. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Blankenship's request to reopen his claim is time-barred pursuant to West Virginia Code § 23-4-16(a)(2) (2005). The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 8, 2016.

West Virginia Code § 23-4-16(a)(2) provides that reopening requests arising from occupational pneumoconiosis claims in which an award of permanent disability was granted must be made within five years of the date of the most recent permanent partial disability award. The Office of Judges found that the date of Mr. Blankenship's most recent permanent partial disability award for occupational pneumoconiosis was October 16, 2001. Therefore, pursuant to the provisions of West Virginia Code § 23-4-16(a)(2), any request to reopen the claim must have been filed within five years of the October 16, 2001, award. As was noted by the Office of Judges, Mr. Blankenship filed a request to reopen his claim more than thirteen years after the date of the most recent permanent partial disability award for occupational pneumoconiosis and, therefore, his request to reopen his claim is statutorily time-barred pursuant to the provisions of West Virginia Code § 23-4-16(a)(2).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker